Filed 1/13/15  P. v. Springs CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TYROL SPRINGS,<br><br>    Defendant and Appellant. | H040345<br>(Monterey County<br> Super. Ct. Nos. SS041402, SS131327) |

In 2011, the Legislature enacted the Criminal Justice Realignment Act (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1; Pen. Code, § 1170, subd. (h))[1] (the Realignment Act or the Act).  Under the Act, certain low-level felony offenders are no longer required to serve their sentences in state prison; instead, they must serve their sentences either entirely in county jail or partly in county jail and partly under the mandatory supervision of the county probation officer.  (*People v. Scott* (2014) 58 Cal.4th 1415, 1418-1419 (*Scott*); § 1170, subd. (h)(2), (3), (5).)  This appeal concerns the applicability of the Realignment Act to those defendants whose state prison sentences were imposed and suspended before the Realignment Act's October 1, 2011 effective date and executed after that date.

In 2004, defendant Tyrol Springs pleaded no contest to possession of cocaine base for sale (Health & Saf. Code, § 11351.5) and admitted being armed with a firearm at the time of the offense (§ 12022, subd. (c)).  The trial court placed him on probation with a

---

[1] All further unspecified statutory references are to the Penal Code.

suspended eight-year prison sentence. In 2013, Springs admitted to violating his probation. The trial court ordered him to serve the eight-year sentence in county jail, reasoning that the Realignment Act governed where defendant served his sentence (i.e., in county jail), but that the 2004 plea agreement prevented the court from imposing a so-called "split" sentence in which a part of the sentence is served in county jail and a part of the sentence is served under the supervision of the county probation officer. On appeal, both Springs and the People maintain the trial court misapplied the Realignment Act. Springs contends the Act applied to him in full, such that the court had the authority to impose a split sentence. The People argue the Act has no application to Springs because his original sentence was imposed and suspended before the Realignment Act's effective date.

During the briefing of this appeal, our Supreme Court held in *Scott* "that the Realignment Act is not applicable to defendants whose state prison sentences were imposed and suspended prior to October 1, 2011" (*Scott*, *supra*, 58 Cal.4th at p. 1419) and that "[u]pon revocation and termination of such a defendant's probation, the trial court ordering execution of the previously imposed sentence must order the sentence to be served in state prison according to the terms of the original sentence." (*Ibid*.) Accordingly, we reverse and remand with directions.

I.      **PROCEDURAL BACKGROUND**[2]

On May 24, 2004, Springs pleaded no contest to possession of cocaine base for sale (Health & Saf. Code, § 11351.5) and also admitted he was personally armed with a firearm during the commission of the offense (§ 12022, subd. (c)). The trial court sentenced Springs to an eight-year term but stayed execution of the sentence and placed Springs on four years probation. Springs's probation was revoked, reinstated, and

---

[2] We omit the facts of the underlying offenses, which are not relevant to the issue presented on appeal.

2

extended multiple times between 2005 and 2012.

In 2013, Springs was charged with sale of cocaine base (Health & Saf. Code, § 11352, subd. (a)) within 1,000 feet of an elementary school (*id*., § 11353.6) and possession of cocaine base for sale (*id*., § 11351.5) within 1,000 feet of an elementary school (*id*., § 11353.6).  In connection with those charges, Springs admitted to violating his probation.

At sentencing, Springs argued that he should be given a split sentence pursuant to the Realignment Act, meaning he would serve a portion of the sentence in county jail and a portion on mandatory supervised release.  The People maintained that the Realignment Act did not apply to Springs and that he should serve his previously imposed eight-year sentence in state prison.  The trial court concluded that Springs's sentence could be served "pursuant to [section] 1170[, subdivision] (h) in county facilities," but that the 2004 plea agreement prevented the court from imposing a split sentence.  The court noted that it would impose a split sentence if it had the authority to do so.

Springs timely appealed.

II.    **DISCUSSION**

Springs argues in his opening brief, filed before *Scott* was decided, that the trial court erred in concluding it lacked the authority to split his sentence under the Realignment Act.  In his reply brief, filed after *Scott*, Springs acknowledges that the Act does not apply to him and agrees with the People's position on appeal--that the trial court erred by ordering Springs to serve his sentence in county jail.  We agree.

Under *Scott*, "the Realignment Act is not applicable to defendants whose state prison sentences were imposed and suspended prior to October 1, 2011.  Upon revocation and termination of such a defendant's probation, the trial court ordering execution of the previously imposed sentence must order the sentence to be served in state prison according to the terms of the original sentence, even if the defendant otherwise qualifies for incarceration in county jail under the terms of the Realignment Act."  (*Scott*, *supra*,

58 Cal.4th at p. 1419.)  Because Springs's sentence was "imposed and suspended prior to October 1, 2011," in ordering execution of that sentence, the trial court was required to "order the sentence to be served in state prison according to the terms of the original sentence."  (*Ibid*.)  The court lacked the authority to order Springs to serve his term in a county jail.

## III.    DISPOSITION

The judgment is reversed and remanded.  On remand, the trial court is directed to order into effect the originally imposed state prison term.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.